UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
UNITED STATES OF AMERICA       :    No. 3:21CR00186-3(SALM)
                              :
v.                            :
                              :
EFRAIN ROSARIO                 :    June 6, 2022
                              :
------------------------------x
```

### ORDER ON DEFENDANT ROSARIO'S MOTION FOR SEVERANCE

Defendant Efrain Rosario ("Rosario") has filed a motion to "sever his trial from that of his co-defendants[.]" Doc. #93 at 1. The United States of America (the "government") has filed a memorandum in opposition to the motion. See Doc. #97. For the reasons stated herein, Rosario's Motion for Severance [**Doc. #93**] is **DENIED**.

### I.   Background

On November 3, 2021, the Grand Jury returned a five-count Indictment charging defendants Rosario, Denis Murtic ("Murtic"), and Alexander Rodriguez ("Rodriguez") with offenses relating to the possession and distribution of narcotics. See Doc. #14. Count One of the Indictment charges all three defendants with Conspiracy to Distribute, and to Possess with Intent to Distribute, Fentanyl and Cocaine from September 2020 through approximately October 2021, in violation of 21 U.S.C. §846. See id. at 1-2. Count Two charges Murtic only with Possession with

Intent to Distribute, and Distribution of, Fentanyl on October 13, 2021, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). See id. at 2. Count Three charges Murtic and Rodriguez with Possession with Intent to Distribute, and Distribution of, 40 Grams or More of Fentanyl on October 18, 2021, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(vi). See id. at 3. Count Four charges all three defendants with Possession with Intent to Distribute 400 Grams or More of Fentanyl on October 26, 2021, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(vi). See id. Finally, Count Five charges all three defendants with Possession with Intent to Distribute 500 Grams or More of Cocaine on October 26, 2021, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(ii). See id. at 3-4.

The Court conducted a scheduling conference with counsel for all defendants on November 19, 2021, see Doc. #26, and on November 22, 2021, the Court entered a Scheduling Order. See Doc. #31. Among other deadlines, the Scheduling Order set a jury selection date of April 19, 2022. See id. Rosario filed a "Waiver of Speedy Trial" on November 30, 2021, requesting "that his trial be continued until April 19, 2022" and asserting that he understood that "all time between presentment and April 19, 2022 will be excluded time under the terms of the Speedy Trial Act[.]" Doc. #47 at 1.

After entry of the Scheduling Order, counsel for Murtic indicated that his client was unwilling to sign a speedy trial waiver; the Court therefore held a Status Conference with Murtic and his counsel on December 13, 2021. See Doc. #51. Following that conference, the Court confirmed the trial date of April 19, 2022, and ordered the time from December 13, 2021, through and including April 19, 2022, excluded from the speedy trial time under 18 U.S.C. §3161(h) as to all three defendants, finding

> pursuant to 18 U.S.C. §3161(h)(7) that the ends of justice served by continuing trial of this matter through April 19, 2022, outweigh the interests of the defendants and the public in a speedy trial. The Court has considered all of the factors set forth in 18 U.S.C. §3161(h)(7)(B). This is a matter involving three defendants. The evidence includes the results of a number of warrants, pen registers, and other investigative actions, as well as multiple controlled purchases. All counsel require time to review the evidence, meet with their clients, and prepare for trial. Furthermore, the Court requires time to summon a jury panel, and to screen that panel, particularly in light of the ongoing COVID-19 pandemic.

Doc. #53.

On December 27, 2021, Murtic filed a motion, on his own rather than through counsel, expressing a desire to discharge his attorney and represent himself. See Doc. #55. On January 20, 2022, the Court held a conference with Murtic and his counsel to discuss the motion, and a Faretta hearing was held on February 23, 2022. See Doc. #68. At the Faretta hearing, Murtic did not unequivocally express a desire to proceed without counsel; the

Court therefore denied his motion. See id. Murtic continues to be represented by counsel, though the Court permitted him to submit nine motions he had drafted without the assistance of counsel, which the Court has taken under consideration.

The Court conducted a Status Conference with counsel of record for all parties on February 28, 2022. See Doc. #83. At that conference, the Court modified several pretrial deadlines, and reset jury selection for September 2022. See id. The Court found that the continuance was appropriate, and counsel for Rosario specifically indicated that she "had no problems with" an August or September trial date.[1] On March 3, 2022, the Court entered an Order stating, in part:

> For Speedy Trial Act purposes, the Court hereby excludes pursuant to 18 U.S.C. §3161(h)(7) the time from April 19, 2022, through September 13, 2022. The Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in an earlier trial date, and the Court has considered each of the factors set forth in 18 U.S.C. §3161(h)(7)(B), including the representations made by counsel during the status conference. In particular, the Court notes that defense counsel represented that they require additional time to review the discovery, and that additional substantive motions may be filed. Furthermore, fourteen substantive motions have already been filed, many of which will require responsive briefing, and which must be resolved by the Court before the parties can adequately prepare for trial. It is so ordered.

---

[1] The undersigned has reviewed the audio recording of the February 28, 2022, Status Conference to confirm her recollection of the events of that conference. No party has ordered preparation of an official transcript.

Doc. #92.

Rosario filed the instant Motion for Severance on March 9, 2022. See Doc. #93. Rosario asserts that severance is appropriate because:

> 4. Co-defendants Dennis Murtic and Alexander Rodriguez are charged not only with the conspiracy charge and the possession with intent to distribute charges, but also with a charges of distributing narcotics.
> 5. Based on discovery documents provided by the government there is no evidence showing this defendant in the company of co-defendant Dennis Murtic or in contact with Dennis Murtic at any time, and no evidence showing this defendant in contact with either co-defendant in connection with the distribution of narcotics allegedly by the co-defendants on October 13, 2021.
> 6. Presenting this defendant to the jury along with the co-defendants could cause the jury to assume if he is charged with the co-defendants he must be part of their activities without any actual evidence that he was involved, resulting in extreme prejudice to him.
> 7. Further, co-defendant Dennis Murtic, has acted in a manner which is disruptive to the smooth flow of a criminal trial, resulting in delays in proceedings and could further prejudice this defendant's chances for a speedy trial.

Id. at 1-2 (sic). Rosario cites no law and makes no legal arguments in support of his motion.

## II. Legal Standard

Two or more defendants may be charged in the same indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or

offenses." Fed. R. Crim. P. 8(b). "If the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

> Since there is a preference, in the federal system, for the joint trial of defendants indicted together, the district court should grant a severance motion only if there is a serious risk that a joint trial would compromise a specific trial right of the moving defendant or prevent the jury from making a reliable judgment about guilt or innocence.

United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993); see also United States v. Rittweger, 524 F.3d 171, 179 (2d Cir. 2008) (quoting Schaffer v. United States, 362 U.S. 511, 516 (1960)); Zafiro v. United States, 506 U.S. 534, 539 (1993). "Differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials. Even joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003) (citations and quotation marks omitted).

"The defendant seeking a severance must shoulder the difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials."

United States v. Lanza, 790 F.2d 1015, 1019 (2d Cir. 1986) (quoting United States v. Panza, 750 F.2d 1141, 1149 (2d Cir. 1984)). Ultimately, the question of whether to order severance under Rule 14 is one that is committed "'to the district court's sound discretion.'" United States v. Moody, 660 F. Supp. 2d 340, 343 (quoting Zafiro, 506 U.S. at 539).

## III. Discussion

The Court construes Rosario's motion as raising two basic claims: (1) Rosario is not charged in two counts of the Indictment, and thus trying him together with the defendants charged in those counts would be prejudicial to him, because the jury might "assume if he is charged with the co-defendants he must be part of their activities without any actual evidence that he was involved," and (2) defendant Murtic "has acted in a manner which is disruptive to the smooth flow of a criminal trial, resulting in delays in proceedings and could further prejudice this defendant's chances for a speedy trial." Doc. #93 at 2.

### A. Rosario's Involvement

Rosario asserts that he will suffer "extreme prejudice" from a joint trial because the jury might "assume if he is charged with the co-defendants he must be part of their activities without any actual evidence that he was involved[.]" Id. at 2.

Rosario contends that "[b]ased on discovery documents provided by the government there is no evidence showing this defendant in the company of co-defendant Dennis Murtic or in contact with Dennis Murtic at any time, and no evidence showing this defendant in contact with either co-defendant in connection with the distribution of narcotics allegedly by the co-defendants on October 13, 2021." Id. at 1 (sic). However, as the government points out in its opposition memorandum, at the time of his arrest, **Rosario was found with Murtic and Rodriguez in the second floor of the same apartment.** See Doc. #97 at 2; see also Doc. #1-1 at 10 (Sworn affidavit in support of Complaint charging Rosario, noting: "When investigators entered 172 Wakefield Circle, investigators found Denis MURTIC, Alexander RODRIGUEZ and Efrain ROSARIO inside the apartment."). This argument, therefore, is misplaced.

To the extent Rosario contends that he should not be tried with his alleged co-conspirators because his own role is allegedly smaller than theirs, this argument is unpersuasive. The mere fact "that one defendant's 'role in a conspiracy may have been smaller or less central than that of certain other co-conspirators does not mandate a separate trial' on the grounds of prejudicial spillover." Moody, 660 F. Supp. 2d at 345 (quoting United States v. Neresian, 824 F.2d 1294, 1304 (2d Cir. 1987)). Thus, even if Rosario were to establish that he played a

lesser role in the conspiracy than his co-defendants, or that his contact with them was limited, severance would not be warranted. See United States v. Rose, No. 19CR00789(PGG), 2021 WL 2117119, at *11 (S.D.N.Y. May 24, 2021) (rejecting argument that severance was warranted because defendant "was in communication with only two" of the alleged co-conspirators). This is particularly true because evidence relating to Murtic's conduct, including the conduct alleged in Counts Two and Three, likely would be "admissible at a separate trial of [Rosario], since it [is] relevant to proving the nature and scope of the conspiracy in which [all three defendants] were, to differing degrees, involved." Spinelli, 352 F.3d at 56. Rosario has thus failed to establish that severance is justified on this basis.

Rosario also contends that "[c]o-defendants Dennis Murtic and Alexander Rodriguez are charged not only with the conspiracy charge and the possession with intent to distribute charges, but also with a charges of distributing narcotics." Doc. #93 at 1 (sic). "The fact that one of several codefendants is tried for a crime not committed by another codefendant does not, without more, create the sort of miscarriage of justice that would require a new trial." United States v. Hernandez, 85 F.3d 1023, 1029 (2d Cir. 1996); see also Rosa, 11 F.3d at 342 ("Evidence of the workings of the conspiracy would therefore have been admissible at the individual trials of [the defendants], had

they been tried separately."). Indeed, "[t]he established rule is that a non-frivolous conspiracy charge is sufficient to support joinder of defendants under" Rule 8(b). United States v. Nerlinger, 862 F.2d 967, 973 (2d Cir. 1988).

Rosario has failed to establish that severance is warranted based on his being charged with fewer, or lesser, charges than those brought against his co-defendants.

**B.   Right to a Speedy Trial**

Rosario further asserts that severance is warranted because Murtic "has acted in a manner which is disruptive to the smooth flow of a criminal trial, resulting in delays in proceedings and could further prejudice this defendant's chances for a speedy trial." Doc. 93 at 2. A criminal defendant has a right to a speedy trial under the Sixth Amendment to the United States Constitution, and under the Speedy Trial Act; because Rosario does not specify which right he seeks to vindicate, the Court considers both.

In evaluating a claim based on the constitutional right to a speedy trial, the Court applies "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." Barker v. Wingo, 407 U.S. 514, 530 (1972) (footnote omitted). The Court considers four factors "in determining whether a particular defendant has been deprived of his right." Id. Those factors are: "Length of delay, the reason for the

delay, the defendant's assertion of his right, and prejudice to the defendant." Id. (footnote omitted).

The Speedy Trial Act expressly addresses the appropriate bases for continuances.

> [T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start. See [18 U.S.C.] §3161(h). For example, the Act excludes "delay resulting from other proceedings concerning the defendant," §3161(h)(1), "delay resulting from the absence or unavailability of the defendant or an essential witness," §3161(h)(3)(A), "delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," §3161(h)(4), and "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," §3161(h)(7).
>
>   Much of the Act's flexibility is furnished by §3161(h)(8), which governs ends-of-justice continuances[.] This provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion -- within limits and subject to specific procedures -- to accommodate limited delays for case-specific needs.

Zedner v. United States, 547 U.S. 489, 497-99 (2006) (footnote omitted).

Rosario has failed to establish that severance is necessary to vindicate his rights under the Speedy Trial Act. Here, the Court made findings excluding the speedy trial time under the

Act and, significantly, defendant Rosario did not object to the continuances or to the exclusion of time. See Doc. #83.[2] Where "the record makes clear that the district court understood the consequences of the delays and conducted the required balancing under §3161(h)(7)(B)(i)-(iv)[,]" no violation of the Act occurs, even where the bulk of the delay is attributable to a co-defendant. United States v. Gonzalez, 399 F. App'x 641, 644-45 (2d Cir. 2010). Further, Rosario filed several substantive motions himself, necessitating briefing from the government and resolution by the Court, which contributed to the delay and would support exclusion of significant periods of time under the Act. See 18 U.S.C. §3161(h)(1)(D) (permitting exclusion of time for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[]").

The Court finds that any delays to date have been reasonable and supported by the Act, and were not opposed by defendant Rosario. There is no reason to believe that the conduct of defendant Murtic, who continues to be represented by counsel, will result in delays in the trial of this matter that are not appropriate under the Act. The trial of these three

---

[2] As the Court has noted, supra at 4, Rosario's counsel specifically indicated at the February 28, 2022, Status Conference that that she "had no problems with" an August or September trial date.

defendants together is appropriate under, and contemplated by, the Act. See United States v. Pena, 793 F.2d 486, 489-90 (2d Cir. 1986) ("Congress clearly intended that, where appropriate, joint trials of defendants should continue to be available as a means of promoting judicial efficiency by avoiding duplicative proof at successive trials. It thus intended that reasonable speedy trial time be excludable under Section 3161(h)[(6)] when necessary to enable joint trials to go forward.").

As to the Constitutional right to a speedy trial, the Court likewise finds severance is not warranted to avoid any potential violation of that right. This matter is scheduled for trial in September, at which time it will have been pending less than one year. That is not an unduly long delay. Any delays to date have been at the request of, or with the consent of, defendant Rosario and his counsel, and designed to ensure that all parties had sufficient time to prepare for trial. Defendant Rosario has not previously asserted a demand for a trial at an earlier date. "A defendant cannot acquiesce and contribute to a delay, and then simultaneously argue that the delay violates [his] speedy trial rights[]" under the Constitution. United States v. Schlegel, No. 06CR00550(JS), 2009 WL 706173, at *6 (E.D.N.Y. Mar. 16, 2009). Finally, Rosario makes no argument or showing as to any prejudice that would result from either the current trial schedule, or indeed from any further delays.

In sum, the <u>Barker</u> factors do not support a finding that Rosario's Constitutional right to a speedy trial has been violated by the joinder of his case with his co-defendants. Cf. <u>United States v. Blash</u>, 43 F. App'x 399, 401 (2d Cir. 2002) ("[T]he delay of trial -- 17 months after Blash's arrest -- was not uncommonly long for a multidefendant case, was not unreasonable in the circumstances of this case, and was not shown to have resulted in prejudice to Blash. We see no constitutional violation.").

In sum, Rosario has failed to establish that he will suffer prejudice from being tried in a single trial with his codefendants. Accordingly, Rosario's Motion for Severance (Doc. #93) is **DENIED**.

## IV. Conclusion

For the reasons set forth herein, defendant Rosario's Motion for Severance [**Doc. #93**] is **DENIED**.

It is so ordered at Bridgeport, Connecticut, this 6th day of June, 2022.

                                      /s/
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES DISTRICT JUDGE